## Clinton R. Sherman, Appellee, v. Charles W. Pardridge Appellant.

### Gen. No. 17,010.

1. EVIDENCE—*when inventory book copied from memoranda is admissible.* Where the original memoranda of an inventory have been destroyed, and plaintiff testifies as to their accuracy, and that they were correctly transcribed in an inventory book, the latter is admissible in evidence.

2. EVIDENCE—*hypothetical questions not based on evidence.* Where hypothetical questions are based upon the assumption that plaintiff's theory of the case is correct, they are admissible although not based on any evidence.

3. EVIDENCE—*hearsay*. In an action for damages from the explosion of a hot water heater, evidence of statements of the janitor since deceased is hearsay and inadmissible.

4. EVIDENCE—*entire conversation*. A question on cross-examination as to whether any one had told witness there had been an explosion will not justify the admission of the entire conversation in rebuttal, though the witness in his reply volunteers the name of the person who told him.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed February 11, 1913.

DAVID K. COCHRANE, for appellant.

P. H. BISHOP, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Recovery was had in this case by the plaintiff (appellee) against the defendant (appellant) for damages alleged to have been caused the plaintiff in his person and property by reason of the explosion of a hot water heater in the basement of a building belonging to the defendant, the plaintiff being a tenant owning and conducting a drug store in the building.

Two special findings were made by the jury. The answer to the first interrogatory was to the effect that there was a fire in the hot water heater at the time of the alleged explosion. The answer to the second was to the effect that the plaintiff and the defendant did not before the beginning of the suit adjust and settle the matters for which plaintiff claimed damages.

The alleged errors upon which a reversal is sought are, first, that there was no evidence tending to establish the allegations of the declaration, and that therefore a peremptory instruction to find for the defendant was erroneously refused; second, that the verdict was contrary to the weight of the evidence and the motion for a new trial should have been allowed; third, that

improper evidence was admitted and material evidence excluded; fourth, that the court improperly refused certain instructions tendered by defendant; fifth, that the judgment is excessive.

It appears that in the basement of the defendant's building there was a heater which was used for furnishing hot water to the occupants of the building. There was also in the basement a boiler used for generating the steam by which the building was heated. As we understand the record, the defendant in September and October, 1906, made alterations and repairs in the steam heating and hot water plant. A new boiler was substituted for the old one, and in the firebox water coils were placed, in such a way that hot water could be furnished the occupants of the building without the necessity of using the hot water heater. By a system of coils and ''T'' connections the plant was able to be operated in any one of three ways: (1) by building a fire in the firebox of the large boiler and thus heating the water and letting it circulate through the hot water heater and from there to the hot water tank, or (2) by building a fire in the hot water heater, thus heating the water and causing it to circulate through the coils in the firebox of the large boiler and thence to the hot water heater, or (3) by building a fire in the firebox of the large boiler, closing the valves between the hot water heater and the ''T'' connections with the pipes running from the heater to the tank, thus causing the water to circulate through the coils and the hot water tank without passing through the hot water heater.

There is evidence tending to show that on October 8, 1906, plaintiff observed when he attempted to draw water from the hot water taps that there was no water supply; that only steam came from the taps; that this condition lasted during the evening until about nine o'clock, when an explosion occurred in the basement below the store; that a hole was made in the floor near where plaintiff stood, and directly over the point where the hot water heater was situated; that at the

same instant flames came. up through the hole in the floor; that the glass in the front of the store was blown out and portions of it thrown across the street; that the force of the explosion was such that two men who had been sitting in the front end of the store, about 60 feet from the point of the explosion, were thrown backward; that an officer of the City Fire Department went to the basement and found the ceiling over the large boiler in flames, and that the hot water heater lay on its side, with the top torn off; that after the explosion two valves in the pipe running from the hot water heater to the hot water tank were found to be closed, and that about three-quarters of an hour after the explosion the heater was hot; that if there was no fire of any kind in the hot water heater and the valves were shut off and the pipes in the steam boiler were heated and furnishing hot water to the hot water tank there would be no tendency to an explosion in the hot water heater.

A witness for the defendant, who had charge of the work of changing the system, testified that there was a fire built in the hot water heater in the morning; that it was not allowed to burn all day; that when the witness left the place about three in the afternoon there was a fire under the steam boiler, but not in the hot water heater; that he left the janitor in charge. The janitor was not a witness, having died prior to the date of the trial.

In our opinion the facts set forth, together with the other facts appearing in the record, constitute sufficient circumstantial evidence to warrant the jury in answering in the affirmative the first interrogatory, namely, whether or not there was a fire in the hot water heater at the time of the alleged explosion; at least that their finding in this respect is not against the manifest weight of the evidence.

It is insisted upon by the defendant that the weight of the evidence was to the effect that there had been a settlement and release of the claim for damages be-

fore suit was brought. This claim is predicated upon the testimony of a son of the defendant, who was acting as his agent, and that of a cashier in his office. The substance of the testimony upon which reliance is placed, as we understand the contention of the defendant, is that negotiations were had for the renewal of a lease after the explosion and fire; that the plaintiff wanted a longer lease, and that the defendant, through his son, acting as his agent, agreed to give him a longer lease without raising the rent above $62.50 per month; that defendant was to put in a steel ceiling and a radiator and "fix the store up so that it would be in good condition, Mr. Sherman was to be perfectly satisfied." No release in writing was taken, and the testimony of the plaintiff directly contradicted in material respects that of Mr. Partridge, the agent, and cannot be said to be at variance in some of its essentials at least with that of Miss Dailey, the cashier. The latter stated that she did not think the subject of the fire was mentioned. Under these circumstances we think the court would not have been warranted in directing a verdict for the defendant upon the theory that a settlement of the claim had been made, nor can we say that the evidence so clearly preponderates in favor of the defendant that a new trial should have been granted on that account.

Complaint is made that the court improperly refused to allow the following question to be propounded to Mr. Pardridge, the son and agent of the defendant: "At that time did Mr. Henderson (the deceased janitor) tell you whether or not there was a fire in the hot water heater?" It is insisted by the defendant that error was committed in refusing to allow this question to be answered, because of questions which were asked on cross-examination by plaintiff's counsel. These questions and answers are as follows: "Q. Did anybody tell you whether or not there was any explosion in the basement? A. Mr. Henderson told me there had been an explosion in the basement. Q. Did

he tell you where he was when the explosion took place?
A.  I think Mr. Henderson said he was in the base-
ment of the building on the opposite side of the
street.''   Objection was made to these two questions,
and after the answers had been received motions to
strike out the answers were made.   We think these
motions should have been granted.   The answer to
the first question as to whether or not anyone told the
witness there was an explosion in the basement, did
not require the witness to divulge who gave him the
information.   He volunteered the information that he
was told by Henderson.   We do not regard the error
such as should cause a reversal.   Nor do we think that
the witness should have been allowed to give further
parts of the alleged conversation under the circum-
stances.   The question propounded to the witness when
called in rebuttal, ''at that time did Mr. Henderson
tell you whether or not there was a fire in the hot
water heater?'' was improper for several reasons.   If
it be assumed that the time mentioned was the same
time as that in which the conversation upon which he
was cross-examined took place, the question still was
open to objection as being suggestive if not leading.
Counsel for the defendant offered to prove by the wit-
ness that Henderson told him at the time of the con-
versation about the explosion of the water heater, that
there was no fire in the heater at the time the heater
exploded, and objection to the offer was sustained.   To
have allowed the proof to be introduced would have
violated the rule against the allowance of hearsay tes-
timony.   The testimony could not properly have been
received as proof of the substantive fact (if it was
a fact) that there was no fire in the hot water heater
at the time of the explosion.   The matter called out
on the cross-examination, namely, that Henderson told
the witness that there had been an explosion in the
basement, and that he said he was in the basement of
the building on the opposite side of the street when the
explosion took place did not, in our opinion, tend to

prove that the explosion was caused by the fact that there was a fire in the heater.

It is further claimed by the defendant that error was committed in admitting the testimony of the plaintiff as to the conditions found in the basement after the alleged explosion, and also the testimony of Hausman, the engineer for the fire department, upon the same matter. We think the evidence was competent. Like evidence was received from two of the defendant's witnesses.

Hypothetical questions propounded to a witness for the plaintiff are objected to as erroneous on the ground that they were not based on any evidence. The questions, as is usual, were based upon the assumption that the plaintiff's theory of the case was correct, and we think there was no error in allowing them to be answered.

Objection is made that the plaintiff was allowed to put in evidence his cash book, ledger and inventory to establish the value of the goods in the store. The plaintiff testified that he made the inventory, assisted by a clerk; that part of the time one of them called off the articles and the other wrote them down, that at other times the proceeding was reversed; that the memoranda were then copied in the inventory book and that the original memoranda were destroyed by the fire. The plaintiff testified to the accuracy and correctness of the original memoranda and also the copy transcribed in the book. We think the evidence was admissible. An insurance adjuster, called as a witness by the defendant, placed the value of the property at about the same figure. The size of the verdict might have been warranted by his testimony.

The charge in the declaration that the plaintiff received injuries to his person seems practically to have been lost sight of in the trial, and little mention is made of the matter in the briefs.

The court gave one instruction as tendered by the plaintiff and twenty-one as tendered by the defendant,

some of them of great length. It is claimed by the defendant that the court erroneously refused to give five of the ten instructions not given. We have examined these instructions with care, and also the twenty-one instructions as given, and think that the jury were fully advised as to the law which should govern them in the consideration of the case. The essentials of the refused instructions were either fully covered by other instructions, or the instructions were so defective in disregarding various elements in the case, that the refusal to give them does not in our opinion constitute error.

The judgment will be affirmed.

*Affirmed.*